**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 11-20557-CIV-SEITZ/WHITE

EUGENE RUSSELL,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

**ORDER OVERRULING PETITIONER'S OBJECTIONS,**
**AFFIRMING AND ADOPTING MAGISTRATE'S SUPPLEMENTAL REPORT,**
**AND DENYING CERTIFICATE OF APPEALABILITY**

THIS MATTER is before the Court on Magistrate Judge Patrick A. White's Supplemental Report [DE-38] recommending that Petitioner Eugene Russell's ("Petitioner") Motion to Vacate pursuant to 28 U.S.C. § 2255 [DE-1] be denied in its entirety. The Court has reviewed, *de novo*, Magistrate Judge White's Supplemental Report, Russell's Objections to the Supplemental Report [DE-41], the record including a transcript of the evidentiary hearing,[1] and the applicable law, and finds that Judge White's factual findings are not clearly erroneous (in fact they are amply supported by the record) and that his legal conclusions are consistent with the proper application of the law. Therefore, Grounds I(1) and I(2) of Russell's Motion to Vacate are denied. A certificate of appealability as to Grounds I(1) and I(2) is also denied.

---

[1] The transcript of the August 29, 2012 evidentiary hearing before Judge White is not as yet part of the record. The Court's *de novo* review included a review of the hearing transcript and as such Respondent is directed in Section VI *infra* to file a copy of the transcript.

## I.     Procedural Background

On May 22, 2008, a jury found Eugene Russell guilty of conspiracy to import 100 kilograms or more of marijuana, importation of 100 kilograms or more of marijuana, conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, and possession with intent to distribute 100 kilograms or more of marijuana.  DE-38 at 2.  The Court sentenced Russell to 121 months imprisonment.  *Id.*  On May 11, 2011, Russell filed a timely Motion to Vacate pursuant to 28 U.S.C. § 2255 alleging, *inter alia*, ineffective assistance of counsel regarding a potential alibi defense.  DE-1.

Magistrate Judge White issued an earlier Report and Recommendation ("R&R") [DE-17] recommending denial of Russell's Motion to Vacate.  This Court adopted the R&R and denied the majority of Russell's claims, but referred Grounds I(1) and I(2)—the ineffective assistance of counsel claims—back to Magistrate Judge White for an evidentiary hearing and supplemental report.  *See* DE-22 at 6-7.  Magistrate Judge White held an evidentiary hearing on August 29, 2012, at which Petitioner, his wife, Investigator Julio C. Ojeda, and DEA Agent Lyn Mead testified.[2]  Subsequently, Magistrate Judge White filed the Supplemental Report [DE-38], to which Russell, through counsel, timely objected.  DE-41.

## II.    Supplemental Report and Petitioner's Objections

In his Supplemental Report, Magistrate Judge White ultimately concludes that this Court should deny Russell's Motion to Vacate in its entirety because Russell's former defense counsel, Neil Michael Nameroff, Esq., cannot be deemed to have provided ineffective assistance of

---

[2] Defendant's trial attorney, Mr. Nameroff, was ill and unable to provide testimony at the evidentiary hearing.

counsel under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).[3]  DE-38 at 28.  Magistrate Judge White supports this conclusion by stating that Mr. Nameroff's decisions not to pursue an alibi defense and not to call Russell's wife to testify were reasonable strategic decisions because Mrs. McDowell-Russell was unable to recall and provide detailed facts regarding the events of January 23, 2007.[4]  DE-38 at 27.  Ultimately, Magistrate Judge White concludes that Russell's trial outcome would not have been different even if Russell's wife, Mrs. McDowell-Russell, had been called to testify.[5]  *Id.* at 29.

---

[3] Magistrate Judge White also finds that: 1) Petitioner is not a credible witness and his testimony is wholly unreliable; 2) Mrs. McDowell-Russell is a less than credible witness and her testimony is less than reliable; 3) Agent Mead's testimony is 100% credible; 4) Investigator Julio C. Ojedo's testimony regarding alleged conversations with Mr. Nameroff is hearsay; 5) Russell's belated assertion that co-defendant Phillip Taylor could serve as an alibi witness lacks veracity; and 6) because Petitioner's sisters-in-law and nephew were not present at the Russell home on January 23, 2007, Mr. Nameroff cannot be deemed ineffective for not investigating and calling them as alibi witnesses at trial.

[4] In his § 2255 Affidavit, Petitioner claims he told Mr. Nameroff of four potential alibi witnesses who were present at the Russell house on January 23, 2007: 1) Petitioner's wife Marcia McDowell-Russell; 2) his wife's sister Sherie McDowell-McIntosh; 3) his wife's other sister Sandra McDowell; and 4) Petitioner's nephew Vincent Jackson.  DE-38 at 4.  But Petitioner's and Mrs. McDowell-Russell's evidentiary hearing testimony shows that neither of Petitioner's sisters-in-law (Sherie or Sandra) was present at the Russell house on January 23, 2007.  DE-38 at 24.  And Petitioner's nephew, Vincent Jackson, was "in and out" of the house on January 23, 2007, and would not have been a compelling alibi witness.  *Id.* at 25.  Therefore, contrary to Petitioner's sworn testimony in his § 2255 Affidavit, this leaves *only* Mrs. McDowell-Russell as the *lone* potential alibi witness.

[5] Additionally, Magistrate Judge White finds numerous inconsistencies and untruths between Russell's § 2255 Motion to Vacate and the evidentiary hearing testimony.  First, Russell listed four potential alibi witnesses in his § 2255 Affidavit, but only Mrs. McDowell-Russell was actually present at the Russell house on the evening of January 23, 2007.  Second, Russell submitted two unexecuted affidavits purportedly written by his wife, but when asked at the evidentiary hearing whether she had prepared any kind of affidavit, Mrs. McDowell-Russell admitted that she had not.  DE-38 at 19.  Third, to support his contention that he was at home on January 23, 2007, and not piloting a boat loaded with marijuana, Petitioner and his wife maintain that Petitioner was incapacitated and "unable to walk" as a result of his gout.  DE-38 at 18.  But at the evidentiary hearing, Petitioner's wife testified that on the night of January 23, 2007, Russell was able to venture to the local Walgreens, by himself, and was gone for "less than an hour."  DE-38 at 16.  Crucially, despite being the only other person present at the Russell residence on January 23, 2007, and thus the only potential alibi witness, Mrs. McDowell-Russell

These findings led Magistrate Judge White to conclude that 1) any reasonable attorney could have made a strategic decision not to call Mrs. McDowell-Russell, and 2) it is highly unlikely that her testimony would have convinced a jury that Petitioner was, in fact, at home on January 23, 2007. *Id.* at 27. Further, even if Mrs. McDowell-Russell testified at trial, there was not a reasonable probability that the result of the trial would have been any different because of the overwhelming and substantial evidence demonstrating Petitioner's guilt. *Id.* at 6, 9-10, 29.

Petitioner, through counsel, objects to Magistrate Judge White's ultimate findings, arguing that 1) Mr. Nameroff's decision not to call Mrs. McDowell-Russell was *not* a reasonable strategic decision, and 2) because Mr. Nameroff failed to testify at the evidentiary hearing the results are unreliable.[6]

### III.    Legal Standard

To obtain relief for ineffective assistance of counsel, a petitioner must satisfy the two-prong *Strickland* test. *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that counsel's performance fell below that which is required by the Sixth Amendment. Second, a petitioner must show that counsel's performance prejudiced the defense to such a degree that the results of the proceeding are unreliable and unfair. *Id.* at 687, 698. The standard for counsel's performance is objective; counsel must provide reasonably effective assistance. *Id.* at 687-88; *see also McMann v. Richardson*, 397 U.S. 759, 770-71 (1970) (defining standard as

---

testified that she went to bed alone, at an unspecified time, and that her husband was left elsewhere in the house, alone, watching television. DE-38 at 17, 27.

[6] Petitioner also objects to Magistrate Judge White's collateral findings, arguing that 1) the court should have allowed Petitioner's co-defendant, Phillip Taylor, to testify telephonically because it would not have prejudiced the government; 2) Investigator Julio C. Ojeda's testimony was not hearsay because it fits the exception outlined in Federal Rule of Evidence 804; 3) Petitioner's testimony is reliable and credible; 4) Mrs. McDowell-Russell's testimony is reliable and credible; and 5) Agent Mead's testimony was not credible. These objections are discussed at greater length at page 7, *infra*.

that which is required by "a reasonably competent attorney" and "within the range of competence demanded of attorneys in criminal cases."). "[S]crutiny of counsel's performance is highly deferential." *Strickland*, 466 U.S. at 694. To satisfy the second prong, a petitioner must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 698.

IV.   **Analysis**

In its order of re-referral, this Court specifically instructed Magistrate Judge White to develop evidence at the evidentiary hearing as to, *inter alia*: 1) why trial counsel abandoned the alibi defense; 2) whether trial counsel investigated the other alleged alibi witnesses and if not, why he failed to do so; 3) which alibi witnesses, if any, would have testified at trial; 4) the content of the alibi witnesses' testimony; and 5) the content and effect of cross-examination of the alibi witnesses. DE-22 at 6-7. Because Mr. Nameroff was ill and unable to attend the evidentiary hearing, Magistrate Judge White was unable to receive evidence regarding the first two issues. Nonetheless, testimony at the evidentiary hearing provided Magistrate Judge White with more than enough evidence to determine that Petitioner has not shown constitutionally deficient assistance under *Strickland*. Specifically, Petitioner has failed to show 1) that Mr. Nameroff's performance fell below an objectively reasonable standard, and 2) that the result of his trial would have been any different.

A.   **Mr. Nameroff's Performance Did Not Fall Below an Objectively Reasonable Standard**

Mr. Nameroff cannot be deemed to have provided ineffective assistance for failing to pursue an alibi defense because any reasonable attorney could have decided not to pursue an alibi defense. As testimony at the evidentiary hearing confirmed, only Mrs. McDowell-Russell was present at the Russell house on January 23, 2007. Moreover, Magistrate Judge White found

in his supplemental report there were at least four reasons why a reasonable attorney would not find her to be a reliable witness and why it would be highly unlikely that her testimony would have convinced a jury that her husband was home on January 23, 2007. First, Mrs. McDowell-Russell was unable to provide detailed and specific facts about the night of January 23, 2007. Second, she admitted that on the night of January 23, 2007, she watched television in a separate room, went to bed before him, and that they did not sleep in the same room. Third, she admitted that her husband left the house for almost an hour. Fourth, because she is the Defendant's wife, a reasonable jury might discount her testimony because of her obvious bias.

In Petitioner's objection to Magistrate Judge White's conclusion that not pursuing an alibi defense was a reasonable strategic decision, Petitioner argues that "no one knows what the jury would have done" had Mrs. McDowell-Russell testified. DE-41 at 5. The relevant inquiry under *Strickland's* first prong concerns the actual conduct of the attorney, not the hypothetical conduct of the jury. Specifically, courts evaluate an attorney's performance by determining what a reasonably competent attorney would have done under the circumstances. Here, given the above factors indicating Mrs. McDowell-Russell's weakness as an alibi witness, any reasonable attorney could have made a strategic decision not to call her to testify.

For Mr. Nameroff to have provided ineffective assistance for failing to investigate or pursue Petitioner's alibi defense, Petitioner must have had a legitimate alibi defense. While Mr. Nameroff's evidentiary hearing absence precluded Magistrate Judge White from determining why Mr. Nameroff abandoned the alibi defense, Magistrate Judge White was able to evaluate the substance of the alleged alibi defense. Here, the evidence shows that Petitioner's purported alibi defense is extremely weak. Essentially, because Mrs. McDowell-Russell was the only person present at the Russell house on January 23, 2007, and because her testimony would not have

6

convinced a jury that her husband was home on January 23, 2007, Petitioner's claimed alibi defense is not well-founded.  As such, Mr. Nameroff cannot be found ineffective, even if he neither investigated nor pursued Russell's claimed alibi.  Accordingly, Magistrate Judge White's conclusion that Mr. Nameroff did not provide effective assistance is not clearly erroneous.

## B. Petitioner Has Not Shown Prejudice

Turning to the prejudice prong of the *Strickland* analysis, even assuming Mr. Nameroff's performance did fall below an objective standard of reasonableness, Petitioner is still not entitled to relief because he cannot show prejudice.  Given the weakness of his alibi defense and the quality and volume of evidence against him, Petitioner's trial outcome would be no different had Mr. Nameroff further investigated and pursued an alibi defense.

First, the alibi defense was much less robust than Petitioner initially indicated because three out of the four potential alibi witnesses identified in Petitioner's § 2255 Affidavit were not even present at the Russell house on January 23, 2007.  Second, Petitioner's wife, the sole remaining witness present at the Russell house, was not compelling for the reasons previously discussed.  Finally, evidence demonstrating Petitioner's guilt was overwhelming and substantial.[7]  As such, Petitioner's trial outcome would be no different regardless of whether Mr. Nameroff investigated and pursued an alibi defense.[8]

---

[7] This Court's prior order of re-referral [DE-22] summarized the evidence against Russell as follows:

> The evidence against Petitioner consisted of the testimony of two co-conspirators, cellular telephone records, and a prescription drug bottle found in the boat used during the scheme.  Co-conspirators, Delton Cash and Rocky Saunders testified that Petitioner was on the boat that transported the marijuana from the Bahamas to Miami and participated in the scheme.  (DE 175; DE 176).  Co-conspirator Saunders also testified that Petitioner and another co-conspirator, Phillip Taylor, used the alias "Ian White" to purchase cellular phones.  (DE 176 at 59:12-19).  DEA Agent Stephen Morgan testified about his analysis of incoming and outgoing cellular phone calls between the co-conspirators during the scheme.

### C. Petitioner's Remaining Objections

Petitioner's ancillary objections introduced in note 5, *supra*, fail to address Judge White's ultimate conclusion that Petitioner's trial would not have been any different. Petitioner's first objection is to Magistrate Judge White's denial of Russell's motion to permit his co-defendant, Philip Taylor, to appear telephonically at the August 29, 2012, evidentiary hearing. Petitioner admits that he has never spoken to or otherwise communicated with Taylor about his willingness to testify on Petitioner's behalf. Significantly, Petitioner's § 2255 Affidavit made no mention of using Taylor as an alibi witness or of Russell having discussed this with Mr. Nameroff. For these reasons, Mr. Nameroff cannot be deemed to have provided ineffective assistance for not investigating and for not calling Taylor to testify as an alibi witness.

---

(DE 192 at 24-108). With respect to Petitioner's alibi defense, there were two calls made from one of the Ian White cell numbers, 786-346-2713, to Marcia McDowell-Russell's cell phone at 12:33 a.m. and 12:46 a.m. on January 24, 2007, when Ms. McDowell-Russell's affidavit states Petitioner was at home and asleep with her. Both calls were answered. The 12:46 a.m. call connected from a cell phone tower located at 658 N.W. 99 Street in Miami. (DE 192 at 64:12-25; 65:1-2, 15-24). However, the cell phone tower that is only 1.5 miles from Russell's residence is located at 3701 Hiatus Road in Miramar. (DE 192 at 70:20-25; 71:1-5). In addition, the cell phone calls to Ms. McDowell-Russell were placed after co-conspirator Taylor, who also used a cell phone subscribed to Ian White, was arrested. (DE 175 at 32:21-25; 33:1). Further, on January 23, 2007, between 10:40 p.m. and 11:16 p.m., there were five calls placed from the 786-346-2713 Ian White number to another number attributed to Ian White, 786-344-5378, which show that the caller using the "2713" number was traveling north. (DE 192 at 61-64). The other evidence against Petitioner was testimony and photographs concerning the prescription drug bottle, with Petitioner's name on it, that was found on the boat. (DE 192 at 16:22-24). The boat was registered to Petitioner, but owned by co-conspirator Taylor.

DE-22 at 6.

[8] Petitioner's objection that Mr. Nameroff's inability to testify at the evidentiary hearing automatically results in an unreliable and unfair proceeding is unavailing. The evidentiary hearing provided ample evidence that Mr. Nameroff's decision not to pursue an alibi defense was a reasonable strategic decision, and that the outcome of the trial would not have been any different.

Petitioner's second objection focuses on Magistrate Judge White's finding that Investigator Ojeda's testimony about what Mr. Nameroff allegedly said regarding potential alibi witnesses and why he chose not to rely on Russell's wife as a witness is hearsay. Russell objects, claiming that Federal Rule of Evidence 804 provides an applicable hearsay exception because Mr. Nameroff is "unavailable," Mr. Nameroff's statements are "against interest," and because Mr. Nameroff's statements are "supported by corroborating circumstances."

Although Russell's objection is unclear as to how Mr. Nameroff's alleged statements are "against interest," even assuming Mr. Ojeda's statements are admissible under Rule 804's hearsay exception, Mr. Ojeda's statements support Magistrate Judge White's finding that Mr. Nameroff's decision not to use Russell's wife's testimony was a reasonable strategic decision. Mr. Ojeda testified that Mr. Nameroff told him that Russell identified his wife Marcia as the only potential alibi witness, but that Mr. Nameroff decided not to use her testimony *because she had lied to him, and because he found her not to be credible.* If true, Mr. Ojeda's testimony supports, rather than refutes, Magistrate Judge White's finding that Mr. Nameroff cannot be deemed to have provided ineffective assistance because not calling Mrs. McDowell-Russell to testify was a reasonable strategic decision.

Finally, Petitioner's third, fourth, and fifth objections regarding Magistrate Judge White's determinations about the credibility and reliability of various evidentiary hearing witnesses - Petitioner, his wife, and Agent Mead, respectively - are unconvincing. Credibility determinations are well within the scope of the fact finder's discretion and will not be second guessed. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).

**V.    Certificate of Appealability**

The Court also denies the issuance of a certificate of appealability for Russell's Petition. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, the Court, having established grounds for entering a "final order adverse to the applicant" on this Petition, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Russell must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented here are adequate to deserve encouragement to proceed further." *Jones v. Sec'y*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotations omitted). Here, Russell has not made this showing as to any of grounds alleged in his § 2255 Petition [DE-1].

**VI.    Conclusion**

For the reasons set forth above, Petitioner's objections are overruled and his Motion to Vacate pursuant to 28 U.S.C. § 2255 is denied in its entirety. Accordingly, it is

**ORDERED** that

(1)     Magistrate Judge White's Supplemental Report [DE-38] is **AFFIRMED** and **ADOPTED**, and incorporated by reference into this Court's Order.

(2)     Eugene Russell's Objections to Magistrate Judge White's Supplemental Report [DE-41] are **OVERRULED**, and the Request for Certificate of Appealability is **DENIED** as to all grounds of the petition.

(3)     Eugene Russell's Motion to Vacate pursuant to 28 U.S.C. § 2255 [DE-1] is **DISMISSED** in its entirety.

(4)     All pending motions are **DENIED AS MOOT**.

(5)     Respondent shall file the transcript of the Evidentiary Hearing before Judge White

[DE 36] in the docket by **December 20, 2013.**

(6)     This case is **CLOSED**.

**DONE** and **ORDERED** in Miami, Florida, this *13* day of December, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     Honorable Patrick A. White
        Counsel of Record

11